IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH A. SOMERS,

        Plaintiff,                      No. CIV S-05-0741 MCE PAN P

      vs.

BPT COMMISSIONER M. PEREZ, et al.,

        Defendants.               FINDINGS & RECOMMENDATIONS

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants are violating his constitutional rights by continuing to rely on unchanging factors to deny him parole. On March 8, 2006, plaintiff filed a motion for preliminary injunction. In the motion, plaintiff contends that prison officials at Avenal State Prison are violating his rights under the First Amendment by interfering with his ability to correspond effectively with state and federal courts by denying him access to his personal electric typewriter and supplies for its use.[1]

        The legal principles applicable to a request for preliminary injunctive relief are well established. To prevail, the moving party must show either "(1) a likelihood of success on

---

[1] Plaintiff's motion appears to be typewritten rather than handwritten.

1

1  the merits and the possibility of irreparable injury, or (2) the existence of serious questions going
2  to the merits and the balance of hardships tipping in [the moving party's] favor." <u>Oakland</u>
3  <u>Tribune, Inc. v. Chronicle Publishing Company, Inc.</u>, 762 F.2d 1374, 1376 (9th Cir. 1985),
4  <u>quoting</u> <u>Apple Computer, Inc. v. Formula International, Inc.</u>, 725 F.2d 521, 523 (9th Cir. 1984);
5  <u>see</u> <u>also</u> <u>Hartikka v. United States</u>, 754 F.2d 1516, 1518 (9th Cir. 1985).  The two formulations
6  represent two points on a sliding scale with the focal point being the degree of irreparable injury
7  shown.  <u>Oakland Tribune</u>, 762 F.2d at 1376.  "Under either formulation of the test, plaintiff must
8  demonstrate that there exists a significant threat of irreparable injury." <u>Id</u>.  In the absence of a
9  significant showing of irreparability, the court need not reach the issue of likelihood of success
10 on the merits.  <u>Id</u>.

11          The principal purpose of preliminary injunctive relief is to preserve the court's
12 power to render a meaningful decision after a trial on the merits.  <u>See</u> C. Wright & A. Miller, 11
13 <u>Federal Practice and Procedure</u>, §2947 (1973).  As noted above, one of the required showings on
14 a motion for injunctive relief is a "fair chance of success on the merits" of the claim at issue.
15 <u>Sports Form, Inc. v. United Press International, Inc.</u>, 686 F.2d 750, 754 (9th Cir. 1982), <u>quoting</u>
16 <u>Benda v. Grand Lodge of International Association of Machinists and Aerospace Workers</u>, 584
17 F.2d 308, 315 (9th Cir. 1979).  Implicit in this required showing is that the relief awarded is only
18 temporary and there will be a full hearing on the merits of the claims raised in the injunction
19 when the action is brought to trial.

20          In addition, as a general rule this court is unable to issue an order against
21 individuals who are not parties to a suit pending before it.  <u>Zenith Radio Corp. v. Hazeltine</u>
22 <u>Research, Inc.</u>, 395 U.S. 100 (1969).

23          The First Amendment claim raised in the instant motion for preliminary
24 injunction is not raised in the underlying complaint, nor is this motion directed at either of the
25 named defendants in this action.  For these reasons, the motion should be denied.
26 /////

1   In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's
2 March 8, 2006 motion for preliminary injunction be denied.
3   These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
5 days after being served with these findings and recommendations, plaintiff may file written
6 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
7 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
8 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
9 F.2d 1153 (9th Cir. 1991).
10 DATED: March 30, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

12
some0741.pi