1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KEITH A. SOMERS,

11            Plaintiff,                    No. CIV S-05-0741 MCE EFB P

12      vs.

13   BPT COMMISSIONER M. PEREZ,
     et al.,                               FINDINGS AND RECOMMENDATIONS
14
              Defendants.
15   _____/

16        Plaintiff is a prisoner without counsel suing for alleged civil rights violations.  *See* 42

17   U.S.C. § 1983.  This action is proceeding on plaintiff's April 27, 2005, amended complaint,

18   which alleges that the State of California has a covert policy of systematically denying parole to

19   murderers.  He seeks prospective injunctive relief to prevent defendants from following this

20   alleged policy at his future parole hearings.  Before the court is defendants' December 19, 2006,

21   motion for summary judgment, in which they argue that plaintiff lacks standing to obtain

22   injunctive relief because Governor Schwarzenegger and the Board employ no such policy.

23   ////

24   ////

25   ////

26   ////

1    **I.     Facts[1]**

2           In 1992, plaintiff was convicted of second-degree murder and sentenced to a term of 15

3    years to life in prison.  Defs.' Stmt. of Undisp. Facts ("SUF") 1; Pl.'s Am. Compl. ("Compl."), at

4    4.  In his verified amended complaint, plaintiff states that he has no prior criminal history.[2]

5    Compl., at 4.  Until November 2002, he was not eligible for parole.  SUF 2.  Plaintiff has had

6    parole consideration hearings before commissioners and deputy commissioners of the Board of

7    Prison Terms ("Board") on January 3, 2002 (initial hearing), March 13, 2003 (first subsequent

8    hearing), and March 30, 3005 (second subsequent hearing).  Compl., at 4; SUF 4.  Plaintiff has

9    never been found suitable for release on parole.  SUF 3.

10          Plaintiff has demonstrated evidence of rehabilitation; he has also demonstrated

11   exemplary behavior throughout his incarceration.  Compl., at 4.  Plaintiff has never been charged

12   with rules violations and participates in the prison's Alcoholics Anonymous program.  Compl.,

13   at 5.

14          In November 2003, Arnold Schwarzenegger became the Governor of California.  Since

15   that time, 114 prisoners convicted of murder have been paroled, including 91 inmates convicted

16   of second-degree murder.  SUF 6, 7.  Plaintiff received a parole hearing after Schwarzenegger

17   took office.  SUF 4.  Until June 30, 2006, Fisher served as the Chair of the Board.  However,

18   Fisher is no longer responsible for ensuring the responsibilities of the Board are successfully

19   discharged, and she does not have any authority over the Board.  SUF 13-15.

20   **II.    Standards**

21          Summary judgment is appropriate when it is demonstrated that the standard set forth in

22   Fed. R. Civ. P. 56(c) is met.  "The judgment sought shall be rendered forthwith if . . . there is no

23
_____

24          [1]  Unless otherwise noted, the facts contained herein are undisputed by the parties.

25          [2]  "[A] verified complaint may serve as an affidavit for purposes of summary judgment if
     1) it is based on personal knowledge and if 2) it sets forth the facts with requisite specificity."
     *Moran v. Selig*, 447 F.3d 748, 760 n. 16 (9th Cir.2006).  Plaintiff's allegations are based on
26   personal knowledge and are sufficiently specific.

1    genuine issue as to any material fact, and . . . the moving party is entitled to judgment as a matter

2    of law." Fed. R. Civ. P. 56(c).

3            Under summary judgment practice, the moving party always bears the initial

4    responsibility of informing the district court of the basis for its motion, and identifying those

5    portions of "the pleadings, depositions, answers to interrogatories, and admissions on file,

6    together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue

7    of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving

8    party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion

9    may properly be made in reliance solely on the 'pleadings, depositions, answers to

10   interrogatories, and admissions on file.'" *Id.* Indeed, summary judgment should be entered,

11   after adequate time for discovery and upon motion, against a party who fails to make a showing

12   sufficient to establish the existence of an element essential to that party's case, and on which that

13   party will bear the burden of proof at trial. *See id.* at 322. "[A] complete failure of proof

14   concerning an essential element of the nonmoving party's case necessarily renders all other facts

15   immaterial." *Id.* In such a circumstance, summary judgment should be granted, "so long as

16   whatever is before the district court demonstrates that the standard for entry of summary

17   judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

18           If the moving party meets its initial responsibility, the burden then shifts to the opposing

19   party to establish that a genuine issue as to any material fact actually does exist. *Matsushita*

20   *Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the moving party meets its

21   initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue

22   as to any material fact actually does exist. *See Matsushita Elec. Indus. Co. v. Zenith Radio*

23   *Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute,

24   the opposing party may not rely upon the allegations or denials of its pleadings but is required to

25   tender evidence of specific facts in the form of affidavits, and/or admissible discovery material,

26   in support of its contention that the dispute exists. *See* Fed. R. Civ. P. 56(e); *Matsushita*, 475

3

1    U.S. at 586 n. 11.  The opposing party must demonstrate that the fact in contention is material,

2    i.e., a fact that might affect the outcome of the suit under the governing law, *see Anderson v.*

3    *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors*

4    *Ass'n*, 809 F.2d 626, 630 (9th Cir.1987), and that the dispute is genuine, i.e., the evidence is such

5    that a reasonable jury could return a verdict for the nonmoving party.  *See Wool v. Tandem*

6    *Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir.1987).

7          In the endeavor to establish the existence of a factual dispute, the opposing party need not

8    establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed

9    factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the

10   truth at trial."  *T.W. Elec. Serv.*, 809 F.2d at 631.  Thus, the "purpose of summary judgment is to

11   'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for

12   trial.'"  *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on

13   1963 amendments).

14         In resolving the summary judgment motion, the court examines the pleadings,

15   depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

16   any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  *See Anderson*,

17   477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the

18   court must be drawn in favor of the opposing party.  *See Matsushita*, 475 U.S. at 587.

19   Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to

20   produce a factual predicate from which the inference may be drawn.  *See Richards v. Nielsen*

21   *Freight Lines*, 602 F.Supp. 1224, 1244-45 (E.D. Cal.1985), *aff'd*, 810 F.2d 898, 902 (9th Cir.

22   1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply

23   show that there is some metaphysical doubt as to the material facts .... Where the record taken as

24   a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

25   'genuine issue for trial.'"  *Matsushita*, 475 U.S. at 587 (citation omitted).

26   ////

4

1    On March 31, 2006, the court informed plaintiff of the requirements for opposing a

2    motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  *See Rand v. Rowland*, 154

3    F.3d 952, 957 (9th Cir.1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v.*

4    *Eikenberry*, 849 F.2d 409 (9th Cir.1988).

5    **III.   Analysis**

6    Defendants characterize their motion for summary judgment as a challenge to plaintiff's

7    standing in seeking injunctive relief.  However, the factual assertions on which they base that

8    challenge are the same facts upon which the merits of the complaint will turn; i.e. whether, as

9    explained below, plaintiff has failed to present sufficient evidence to show that a genuine issue

10   of material fact exists as to his claim.

11   Defendants submit evidence that, according to the Board's records, since November 17,

12   2003, when Governor Schwarzenegger took office, 114 prisoner convicted of first- or second-

13   degree murder have been paroled.  Defs.' Mot. for Summ. J., Stmt. of Undisp. Facts, Ex. A,

14   Decl. of Tom Remy ("Remy Decl."), ¶ 4; SUF 6.  Of the prisoners who were granted parole for

15   murder since November 17, 2003, 23 were convicted of first-degree murder and 91 were

16   convicted of murder in the second degree.  *Id.*, ¶ 5; SUF 7.  From November 17, 2003, to 2004,

17   the Board and the Governor allowed prisoners convicted of first- and second-degree murder to

18   be paroled on 62 occasions.  *Id.*, ¶ 8; SUF 10.  In 2005, the Board and the Governor allowed a

19   prisoner convicted of first- or second-degree murder to be paroled on 32 occasions.  *Id.*, ¶ 9; SUF

20   11.  As of December 13, 2006, the Board and Governor allowed a prisoner convicted of first- or

21   second-degree murder to be paroled on 20 occasions.  *Id.*, ¶ 10; SUF 12.  None of these figures

22   include prisoners who were paroled by the courts.  *Id.*, ¶¶ 4, 5, 8, 9, 10; SUF 6, 10, 11, 12.

23   Plaintiff has not alleged nor presented any evidence of any facts whatsoever to support

24   his claim that the State of California has a covert policy of systematically denying parole to

25   murderers.  He merely alleges that he has programmed well since his incarceration but is still

26   being denied parole.  Plaintiff acknowledges in his complaint that the "Board's regulations (and

case law) permit consideration of factors other than the commitment offense and conduct prior to imprisonment in determining whether or not an applicant is suitable for release on parole," and plaintiff is surely aware that the consideration of factors directly related to the commitment offense is also permitted.

It is plaintiff's burden to produce evidence upon which a reasonable fact finder could rule in his favor on the question. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). Plaintiff has not met this burden.

Accordingly, it is hereby RECOMMENDED that defendants' December 19, 2006, motion for summary judgment be granted and the Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 25, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6